PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FULL HOUSE INVESTMENT PROPERTIES, LLC, | ) ) ) | CASE NO. 4:17CV387 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| PAUL VICIAN, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 2] |

Plaintiff Full House Investment Properties, LLC brought this eviction action against *pro se* Defendant Paul Vician in Struthers Municipal Court. ECF No. 1-1. Defendant removed the case to federal court on the basis of federal question jurisdiction because the "[p]leadings intentionally fail[ed] to allege compliance with the Civil Rights Act of 1968." ECF No. 1 at PageID #: 2, ¶ 6. He contends that the resolution of his eviction necessarily depends on the resolution of a substantial question of federal law. *Id.* at PageID #: 2, ¶ 7. Defendant does not argue that the Court has diversity jurisdiction, nor is there any evidence that the Court has such jurisdiction.

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332.

(4:17CV387)

The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (alteration in original) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

Federal question jurisdiction under 28 U.S.C. § 1331 is present only when a federal question appears "on the face of the plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal counterclaims and defenses are "inadequate to confer federal jurisdiction," and do not provide a basis for removal. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses . . . ."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002) (finding that, pursuant to the well-pleaded-complaint rule, a counterclaim cannot serve as the basis for a federal court's "arising under" jurisdiction).

Removal of this eviction action to federal court is not proper. Plaintiff's eviction claim relies exclusively upon state law and does not contain a federal cause of action. ECF No. 1-1; *see* Ohio Rev. Code § 1923 *et seq.*. Evictions do not necessitate the resolution of an "actually disputed and substantial" federal question. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Although Defendant attempts to characterize the eviction as a

(4:17CV387)

violation of his federal civil rights, a civil rights violation would be either a defense to the Complaint or a counterclaim, neither of which would provide a basis for removal. *Holmes Group, Inc.*, 535 U.S. at 831. Nor has Defendant demonstrated that Plaintiff artfully pleaded its Complaint to avoid federal jurisdiction. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 563 (6th Cir. 2007) (en banc) (finding no artful pleading when plaintiffs would not have had a federal, statutory cause of action).

Because the Court does not have jurisdiction over the matter, this action is remanded to the Struthers Municipal Court. As the Court has lacked subject-matter jurisdiction from the date of removal, the Court also lacks the jurisdiction to consider the pending Motion to Proceed *in forma pauperis*. ECF No. 2.

IT IS SO ORDERED.

| | |
|---|---|
|   March 3, 2017 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |